AUGUST 23, 1988

No. 88–236 (A–120). MONROE v. BUTLER, WARDEN. C. A. 5th Cir. Application for stay of execution of sentence of death, presented to JUSTICE WHITE, and by him referred to the Court, denied. Certiorari denied.

JUSTICE BRENNAN, dissenting.

Adhering to my view that the death penalty is in all circumstances cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments, Gregg v. Georgia, 428 U. S. 153, 227 (1976), I would grant the application for stay and the petition for writ of certiorari and would vacate the death sentence in this case.

JUSTICE MARSHALL, dissenting.

Adhering to my view that the death penalty is in all circumstances cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments, Gregg v. Georgia, 428 U. S. 153, 231–241 (1976) (MARSHALL, J., dissenting), I would grant the application for stay and the petition for writ of certiorari and would vacate the death sentence in this case.

But even if I did not hold these views, I would grant the stay and vacate petitioner's death sentence for the reasons I expressed in Monroe v. Butler, 485 U. S. 1024, 1024–1028 (1988) (dissent from denial of certiorari). After petitioner was convicted, state officials became aware of, but suppressed, information strongly suggesting that petitioner did not commit the crime for which he was found guilty. Petitioner has, however, neither been released

nor received a new trial. Because petitioner has received woefully inadequate relief to vindicate the State's violation of his constitutional rights under *Brady* v. *Maryland*, 373 U. S. 83 (1963), I would stay his death sentence.